MARVIN L. LEVY AND WILHELMINA F. LEVY, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 102708.   Promulgated May 13, 1942.

*Samuel Gruberg, C. P. A.*, for the petitioners.
*H. D. Thomas, Esq.*, for the respondent.

1146

OPINION.

DISNEY: Upon the authority of *Spreckels* v. *Helvering*, 315 U. S. 626, we decide in favor of respondent on the first issue herein, involving the treatment of commissions on the sale of securities, and hold that such commissions are not deductible as business expense.

The second issue is raised by respondent's amended answer, in which he alleges that he erred in allowing capital loss deductions aggregating $3,477.87, consisting of $2,000 deduction by the wife, who had capital losses in excess of $2,000, and a $1,477.87 deduction by the husband, whose capital losses were in that amount. Respondent

now contends that only one deduction of $2,000 is permissible. The petitioners contend that if each spouse has capital losses of $2,000 or more, each should be allowed a deduction of $2,000. They do not argue for an aggregate deduction of $4,000 in the sense that a spouse with losses exceeding $2,000 should be allowed full deduction, if addition of those of the other spouse did not make an aggregate of more than $4,000. Petitioners and respondent both rely on language used by the Supreme Court in its opinions in the recent cases of *Helvering* v. *Janney*, 311 U. S. 189, and *Taft* v. *Helvering*, 311 U. S. 195.

In our opinion, those cases bear out the view of the respondent. The *Janney* case lays down the rule that in the computation of income in case of a joint return by husband and wife the expression "aggregate income", used by the statute, Revenue Act of 1934, section 51 (b), means the aggregate net income of the two spouses, arrived at by off-setting the capital losses under section 117 (d) of each spouse against the capital gain of the other. In so holding, the Court said that the statute could not be changed by Treasury Regulations 86, article 117–5. That regulation reads:

ART. 117–5. *Application of section 117 in the case of husband and wife.*—In the application of section 117, a husband and wife, regardless of whether a joint return or separate returns are made, are considered to be separate taxpayers. Accordingly, the limitation under section 117 (d) on the allowance of losses of one spouse from sales or exchanges of capital assets is in all cases to be computed without regard to gains and losses of the other spouse upon sales or exchanges of capital assets.

Yet the petitioners' contention herein necessarily requires adoption of the view advocated by the regulation, and refused recognition by the Court—for essentially the petitioners urge us to consider each spouse separately, without regard to the gains or losses of the other, and to allow each a deduction of $2,000 for capital loss, if in fact that much loss, above capital gains, has been suffered.

Furthermore, the Court points out that "Section 117 (d) merely limited the amount of losses which could be deducted." The Court plainly approved the idea expressed in a "Solicitor's Opinion" that the return "is treated as the return of a taxable unit * * * as though the return were that of a single individual." Petitioners' desire is directly to the contrary—they wish, with reference to capital losses, to treat the return as that of two individuals. If we treat the return, as commanded by the Supreme Court, as that of a "taxable unit" and as if filed by a "single individual" obviously the *limitation* of $2,000 above capital gains, upon capital losses, can be applied only once— to the aggregate net capital loss ascertained. In the *Taft* case a limit was set upon deduction of charitable donations, analogous to the limit which section 117 (d) sets upon capital losses. The Court

held that "The principle of a joint return permitted aggregation of income and deductions and thus *overrode the limitations incident to separate returns*." [Italics supplied.] The opinion commented upon Regulations 62, article 401, which provides that "in a single joint return, the tax is computed on the aggregate income and all deductions and credits to which either is entitled shall be taken from such aggregate income." That article is particularly relied upon by the petitioners here. The Court pointed out that "The argument stresses the words 'to which either is entitled' " (as do the petitioners herein), called it "an inadmissible construction of the statute", and refused to apply it as against the view that the joint return was that of a taxable unit and treated as that of a single individual.

The reason for filing a joint return is to amalgamate the items of income, losses, etc., of the two spouses, so that there may be offsets unavailable in individual returns. Thus it appears that there are no longer two individuals, with their own rights to deductions, but an impersonalized return of items of income, losses, deductions, etc., which, though originating in the affairs of two people, are no longer so viewed, because all are merged and integrated into a whole. By exercising the option to obtain the benefit of such merger, the spouses are seen logically to lose their identity, and the right to claim individual deductions, which have become those of the integrated returner of income. It would be peculiar illogic to permit the "joint" return to give the benefit of offset of gains and losses not available to the individual by merging all items, including capital gains and losses of the spouses, yet to say that in one very particular respect, the limitation on capital losses, there is no such merger, and that the identity of the taxpayer is preserved, so that each can individually take a deduction of $2,000 capital losses. More accurate consideration indicates that capital losses and gains, like all other items returned, are by virtue of such return no longer those of either party, but of one entity, the returner of income, that all items are, as indicated in the *Janney* case, added together, or put into hotchpotch, and that the aggregate result, and not the result in the case of each individual, is the subject of tax computation. It follows that if capital losses add up to more than capital gains plus $2,000, there can be, under section 117 (d), no allowance above that limit. The limitation, like the offsetting of gains and losses, is not separate, but a part of the method of computation of the income under the integrated return. That there is such impersonality is well indicated by the fact that the resultant tax is less than that of both individuals considered separately—such result being the practical reason for filing a joint return.

In *George W. Schoenhut*, 45 B. T. A. 812, we construed the *Janney* case to require us to follow our prior view in *Frida Hellman Cole*,

*Executrix*, 29 B. T. A. 602, that in case of a joint return there is joint and several liability and not "according to the net income attributable to each." Recently in *Halbert P. Gillette*, 46 B. T. A. 573, we followed the *Schoenhut* case. *Moore* v. *United States*, 37 Fed. Supp. 136, by the Court of Claims, held that a spouse was liable for the full amount of tax shown upon a joint return. The "taxable unit" theory was followed. *Frank B. Gummey*, 26 B. T. A. 894, we do not consider to be to the contrary, for there the question was merely whether where within thirty days after sale of stock by a spouse the other spouse purchased substantially identical stock the two transactions comprised a purchase and sale by the same taxpayer within the language of section 118, Revenue Act of 1928. We had already in *William M. Fleitmann, Jr., et al., Executors*, 22 B. T. A. 1291, allowed as a deduction a loss sustained by a husband in a transaction with his wife, and, following the theory of that case, we held that for purposes of section 118 the two transactions were between different taxpayers. It does not follow that the separate identity remains in filing a return as a "taxable unit" under the *Taft* and *Janney* cases. The respondent erred in allowing the deduction of more than $2,000 capital losses above capital gains.

Reviewed by the Board.

*Decision will be entered under Rule 50.*

---

KERN, dissenting: I dissent from the conclusion reached by the majority.

Section 23 (e) of the Revenue Act of 1934 provides:

In computing net income there shall be allowed as deductions:

\* \* \* \* \* \* \*

(e) LOSSES BY INDIVIDUALS.—In the case of an individual, losses sustained during the taxable year \* \* \*

\* \* \* \* \* \* \*

(2) if incurred in any transaction entered into for profit \* \* \*.

Section 117 (a) provides that "in the case of a taxpayer, other than a corporation" only certain percentages of capital losses "shall be taken into account in computing net income", and section 117 (d) provides that "Losses from the sales or exchanges of capital assets shall be allowed only to the extent of $2,000 plus the gains from such sales or exchanges."

Section 51 (a) provides that "every individual having a net income for the taxable year of $2,500 or over, if married and living with husband or wife" shall make a return stating the items of gross income "and the deductions and credits allowed under this title"; while section 51 (b) provides that if a husband and wife have a certain "aggregate net income" or a certain "aggregate gross income" "(1) each shall make such a return, or (2) the income of each shall be included in a

single joint return, in which case *the tax shall be computed on the aggregate income.*" [Italics supplied.]

Section 801 (a) (1) provides that "the term 'person' means an individual, a trust or estate, a partnership, or a corporation", while 801 (a) (14) provides "The term 'taxpayer' means any person subject to a tax imposed by this Act."

Section 51 (b) of the Revenue Act of 1938, which was held in *Moore* v. *United States*, 37 Fed. Supp. 136, to clarify the similar provision in the 1934 Act, provides that the liability with respect to the tax of husband and wife filing a joint return is joint and several.

Working from these statutory provisions in a consideration of the problem presented by this proceeding, I would reach the following conclusions:

(1) The husband and wife filing a joint return are persons who are jointly and severally subject to a tax, and therefore, each is a taxpayer within the meaning of the act.

(2) This tax is to be computed on the aggregate net income shown on the joint return, which will be considered for tax purposes as the joint and several income of the two spouses.

(3) The aggregate net income of husband and wife is to be computed by adding together the separate items of gross income of each, then adding together the separate items of deductions to which each is entitled and subtracting the aggregate of such deductions from the aggregate of such gross income.

(4) Each spouse is entitled to loss deductions pursuant to section 23 (e).

(5) The limitation of section 117 (d) applies to the loss deductions of each spouse, since each is a taxpayer within the definition of the statute even though one with a joint and several tax liability calculated upon joint as well as several income.

(6) In return for the advantages to be gained by filing a joint return, e. g., the deduction by one spouse of capital losses from the joint aggregate income even though such income was made up solely by the income of the other spouse, the disadvantages resulting are the computations of taxes and surtaxes upon the aggregate net income, and the joint and several liability upon each spouse for the payment of such tax, and not the elimination of any deduction to which either might be otherwise entitled.

However, the majority opinion, reasoning from certain language used by the Supreme Court in the cases of *Helvering* v. *Janney*, 311 U. S. 189, and *Taft* v. *Helvering*, 311 U. S. 195, has reached the conclusion that where husband and wife file a joint return a union results even more complete than the union created by the marriage ceremony in that "there are no longer two individuals, with their own rights to deductions, but an impersonalized return of income,

losses, deductions, etc., which, though originating in the affairs of two people, are no longer so viewed, because all are merged and integrated into a whole", and that capital losses "are by virtue of such return no longer those of either party, but of one entity, the returner of income * * *" and thus are limited by section 117 (d) to $2,000 plus capital gains.

I can find no justification in the statute for this view and nothing in the *Janney* case or *Taft* case which compels this conclusion.

While both of those cases had to do with tax problems arising from the use by husband and wife of a joint return authorized by section 51 (b) of the Revenue Act of 1936,[1] they did not have to do with the particular tax problem here involved, which, as we have already indicated, is whether a husband and a wife, who have each suffered capital losses and who file a joint return, are each permitted to take a capital loss deduction as limited by section 117 (d), (limited to $2,000 for each), or are permitted to take one deduction limited to $2,000 for both.

In *Helvering* v. *Janney, supra,* the decision of the Supreme Court gave effect to a deduction of the husband on account of capital losses by offsetting it against capital gains of the wife. In that case the husband had no capital gains and if each of the spouses had filed a separate return the husband would have been entitled to a loss deduction of only $2,000 and the wife to none.

Article 51 (1), Regulations 94, provides in part:

> If the income of each [spouse] is included in a single joint return, the tax is computed on the aggregate income *and all deductions and credits to which either is entitled shall be taken from such aggregate income.* [Emphasis supplied.]

The Supreme Court, in *Helvering* v. *Janney, supra,* quoted a similar regulation (Regulations 62, article 401). Later, in its opinion, it said:

> The Revenue Act of 1934 continued the prior statutory provisions as to joint returns of husband and wife, and Section 117 (d) of that Act, as to capital losses, did not purport to alter the rule as to the *right of the spouses to deductions* in their joint return. Section 117 (d) merely limited the amount of losses which could be deducted * * *. [Italics supplied.]

It will be noted that the Court uses the words "spouses" and "deductions" in the plural.

In *Taft* v. *Helvering, supra,* the taxpayers, who, as husband and wife, had filed a joint return, took deductions of their combined charitable contributions. Respondent ruled that the deductions of each

---

[1] SEC. 51. INDIVIDUAL RETURNS.

     *      *      *      *      *      *      *

   (b) HUSBAND AND WIFE.—If a husband and wife living together have an aggregate net income for the taxable year of $2,500 or over, or an aggregate gross income for such year of $5,000 or over—

   (1) Each shall make such a return, or

   (2) The income of each shall be included in a single joint return, in which case the tax shall be computed on the aggregate income.

spouse properly allowable therefor were limited to 15 percent of his or her income. The Court held that the percentage should be calculated on the aggregate income shown by the joint return. The Court said, *inter alia*, "The principle of a joint return permitted aggregation of income and deductions and thus overrode the limitations incident to separate returns." The "aggregation * * * of deductions" referred to by the Court does not mean the elimination of any deduction.

In the *Janney* case the Court held that in cases where joint returns were filed effect should be given to the right to deductions of each spouse even where it was necessary to refer to the aggregate income subject to tax in order to find a type of income from which the deduction could be taken. In the *Taft* case it was held that both spouses, in the case of a joint return, were entitled to "combined deductions" on account of charitable contributions which each had made, but that reference should be made to the aggregate income in determining the percentage limiting such "combined deductions." The rule to be taken from a careful reading of these cases is that, in ascertaining the aggregate income subject to tax reported by a joint return, the proper deductions of each spouse may be combined and taken from their combined gross income, but that in order to give effect to such deductions, as in *Janney's* case, or to calculate the amount of the deductions in terms of percentage of income, as in *Taft's* case, reference is to be made to the aggregate income shown in the joint return.