*Decision will be entered under Rule 50.*

LAWRENCE L. TWEEDY AND GRACE V. TWEEDY, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 106646, 107217. Promulgated July 16, 1942.

*Martin D. Jacobs, Esq.,* for the petitioners.
*Richard C. Flesch, Esq.,* for the respondent.

OPINION.

ARUNDELL: The major question presented is whether or not respondent was correct in treating only 20 percent of the amounts received by Tweedy from the partnership as earned income from sources without the United States. Petitioners contend that all the amounts in question constitute compensation for personal services rendered outside this country and as such are excluded from gross income by virtue of the provisions of section 116 (a) of the Revenue Acts of 1936 [1] and 1938.[2] Respondent argues that the only amounts excluded from gross income under that section are those which constitute earned income and that in order to determine what is earned income we are required

---

[1] SEC. 116. EXCLUSIONS FROM GROSS INCOME.

In addition to the items specified in section 22 (b), the following items shall not be included in gross income and shall be exempt from taxation under this title:

(a) EARNED INCOME FROM SOURCES WITHOUT UNITED STATES.—In the case of an individual citizen of the United States, a bona fide nonresident of the United States for more than six months during the taxable year, amounts received from sources without the United States (except amounts paid by the United States or any agency thereof) if such amounts would constitute earned income as defined in section 25 (a) if received from sources within the United States; but such individual shall not be allowed as a deduction from his gross income any deductions properly allocable to or chargeable against amounts excluded from gross income under this subsection.

[2] Section 116 (a) of the Revenue Act of 1938 is identical to that in the 1936 Act.

by section 116 to look to section 25 (a) [3] of the respective acts, which defines earned income in general. He maintains that, since capital is admittedly a material income-producing factor in the business of the firm of which Tweedy is a member, the latter's earned income cannot exceed 20 percent of his share of the firm's net profits.

Respondent would appear to be correct if Tweedy's trade or business is that of the firm of which he is a partner and from which the income in question was received. The only peg on which petitioners hang their argument, that capital was not a material income-producing factor in Tweedy's business, is the fact that Tweedy did not personally make a capital contribution to the partnership of which he was a member. But this would draw the line where the statute does not. When Tweedy ceased to be an employee of the firm and became one of its general partners he obtained a proprietary interest in the business, and this stake so acquired brings him within the statutory limitation on earned income. This view, we think, conforms with the whole pattern of the section.

As we are dealing here with the income of a member of a partnership, section 4 of the Revenue Acts of 1936 [4] and 1938 [5] would seem to require that we examine section 185 of those two statutes. Section 185 [6] provides that the earned income of partners shall be determined in accordance with the rules and regulations prescribed by the Commissioner with the approval of the Secretary of the Treasury. Article 185-1 of the Commissioner's Regulations 94 and 101, which was pro-

---

[3] SEC. 25. CREDITS OF INDIVIDUAL AGAINST NET INCOME.

(a) CREDITS FOR NORMAL TAX ONLY.—There shall be allowed for the purpose of the normal tax, but not for the surtax, the following credits against the net income :

\* \* \* \* \* \* \*

(4) EARNED INCOME DEFINITIONS.—For the purposes of this section—

(A) "Earned income" means wages, salaries, professional fees, and other amounts received as compensation for personal services actually rendered, but does not include any amount not included in gross income, nor that part of the compensation derived by the taxpayer for personal services rendered by him to a corporation which represents a distribution of earnings or profits rather than a reasonable allowance as compensation for the personal services actually rendered. In the case of a taxpayer engaged in a trade or business in which both personal services and capital are material income producing factors, a reasonable allowance as compensation for the personal services actually rendered by the taxpayer, not in excess of 20 per centum of his share of the net profits of such trade or business, shall be considered as earned income.

\* \* \* \* \* \* \*

[4] SEC. 4. SPECIAL CLASSES OF TAXPAYERS.

The application of the General Provisions and of Supplements A to D, inclusive, to each of the following special classes of taxpayers, shall be subject to the exceptions and additional provisions found in the Supplement applicable to such class, as follows :

\* \* \* \* \* \* \*

(b) MEMBERS OF PARTNERSHIPS.—SUPPLEMENT F.

\* \* \* \* \* \* \*

[5] Section 4 of the Revenue Act of 1938 is identical to that in the 1936 Act.

[6] SEC. 185. EARNED INCOME.

In the case of the members of a partnership the proper part of each share of the net income which consists of earned income shall be determined under rules and regulations to be prescribed by the Commissioner with the approval of the Secretary and shall be separately shown in the return of the partnership.

mulgated to give effect to section 185, *supra*, provides that, where a partnership is engaged in a trade or business in which capital is a material income-producing factor and a partner renders personal services in connection therewith, that partner's earned income, for purposes of the earned income credit granted by section 25 (a), may not exceed 20 percent of his share of the net profits of the partnership. This regulation makes no distinction between a partner who has contributed capital and one who has not contributed capital. The sole test is whether capital is a material income-producing factor of the partnership. These are "legislative" regulations and must be accorded great weight so long as they are not arbitrary. *Helvering* v. *Wilshire Oil Co.*, 308 U. S. 90.

Petitioners urge, in the alternative, that so much of Tweedy's income as was designated "salary" should, in any event, be treated as earned income. Prior to his admission to the partnership Tweedy received a salary which was clearly compensation for services and was earned income. Although he continued to perform substantially the same duties after he became a member of the partnership as before, his relationship to the firm became an entirely different matter. Even if his drawing account was termed "salary" or "compensation", the amounts withdrawn were in reality either profits or anticipated profits. See *Karl Pauli*, 11 B. T. A. 784. As a partner he may not pay a salary to himself. *Estate of S. U. Tilton*, 8 B. T. A. 914. Nor do we think it important that Tweedy's "salary" was payable regardless of whether the firm had net profits. The partnership agreement provides that each general partner shall contribute his share of the firm's losses. Thus, although the "salaries" are payable whether or not there are earnings, the absence of earnings would cause the partnership to operate at a loss and as a consequence Tweedy would have to make good his share of such losses. What he received in each of the taxable years was his share of the firm's net profits, however those profits were designated. It follows that Tweedy's earned income may not exceed 20 percent of the total amount received by him in each year from the partnership. Respondent is sustained on this issue.

The final question before us is whether or not petitioners, who filed a joint return for the taxable year 1937, may deduct a total of $4,000 for capital losses where each of petitioners sustained a net capital loss in excess of $2,000. We have recently held that a husband and wife filing a joint return are limited to only one $2,000 capital loss deduction. *Marvin L. Levy*, 46 B. T. A. 1145. Our opinion there controls the disposition of this issue and respondent's action is accordingly sustained.

*Decision will be entered for the respondent.*