J. HENRY DEBOER AND MARTHA DEBOER, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE. RESPONDENT.

Docket No. 26166.    Promulgated March 29. 1951.

*David Boyd Chase, Esq.*, and *Maurice H. Greenberger, Esq.*, for the petitioners.

*Oscar L. Tyree, Esq.*, for the respondent.

OPINION.

RICE, *Judge:* For the year 1946 respondent disallowed a deduction of $3,848.09 as a loss on sale of property and determined a deficiency of $1,641.06 in income tax. The sole issue is whether such a loss constitutes a "family loss" within the meaning of section 24 (b) of the Internal Revenue Code so as to prevent its deduction.

All the facts were stipulated, are so found and are incorporated herein.

J. Henry DeBoer (hereinafter referred to as Henry) and Martha DeBoer (hereinafter referred to as Martha) are husband and wife residing in Syracuse, New York. The joint return for their taxable year 1946 was filed with the collector of internal revenue for the twenty-first district of New York.

Henry was the owner in fee simple absolute of a two-family apartment house and the land on which it stood in Syracuse, New York. The building was rented to tenants during all the time material hereto. On March 15, 1946, Henry sold this property to Harry Beagle, the grandson of Martha through a prior marriage. He was not a descendent of Henry, nor had he at any time been adopted by Henry.

The adjusted basis of the property in the hands of Henry as of March 15, 1946, was $13,144.89. He received $9,296.80 as the sales price. Henry and Martha filed a joint Federal income tax return for their taxable year 1946 in which a deduction of $3,848.09 was claimed as a loss from this sale. The Commissioner disallowed the deduction.

The respondent admits the bona fides of the sale, and also admits that had Henry filed a separate return he would have been entitled to the deduction. The narrow question here, therefore, is whether, by the use of the joint return with his wife, Henry has forfeited the right to such a deduction.

Section 24 (b) (1) (A) of the Internal Revenue Code disallows deductions for losses on sales or exchanges of property between members of a family. Section 24 (b) (2) (D) defines "family" as follows:

The family of an individual shall include only his brothers and sisters (whether by the whole or half blood), spouse, ancestors, and lineal descendants * * *

There is no doubt that Martha's grandson by a former marriage is not a member of Henry's "family" within the meaning of the Code. See *Fervel Topek*, 9 T. C. 763 (1947); *Walter Simister, Jr.*, 4 T. C. 470 (1944). Respondent argues, however, that by use of the joint return Martha is benefiting from a deduction which, under the terms of the Code, is expressly denied her.

Section 51 (b) of the Internal Revenue Code (applicable to the taxable year 1946) reads as follows:

(b) Husband and Wife.—A husband and wife may make a single return jointly. Such a return may be made even though one of the spouses has neither gross income nor deductions. If a joint return is made the tax shall be computed on the aggregate income and the liability with respect to the tax shall be joint and several. No joint return may be made if either the husband or wife is a nonresident alien or if the husband and wife have different taxable years. The status of individuals as husband and wife shall be determined as of the last day of the taxable year.

This section of the statute was involved in *Helvering* v. *Janney*, 311 U. S. 189 (1940) where the Supreme Court was concerned with the problem of whether capital losses of one spouse could be deducted from the capital gains of the other when a joint return was used. The Court stated at page 191:

The "aggregate income," to which paragraph 2 of § 51 (b) refers, is clearly the aggregate net income as it is the aggregate income on which "the tax is to be computed." In that view the deductions to which either spouse would be entitled would be taken in the case of a joint return, from the aggregate gross income.

Although the statutory provisions of section 51 (b) applicable in the *Janney* case have been amended since the taxable year involved therein, such amendments have not been of a nature which would change the authority of such case.

The only prohibition contained in the statute which would prevent Henry from deducting the loss, is where the sale was made to either his brother, sister, spouse, ancestor, or lineal descendant. A sale to a step-grandson is not within the prohibition. A different issue would be presented if Martha had owned a part of the property in question. Since Henry owned the property in fee and since he would have been entitled to the deduction had he filed a separate return, this Court will not read into section 51 (b) a limitation not contained therein. Petitioners, therefore, are entitled to deduct the loss.

Reviewed by the Court.

*Decision will be entered under Rule 50.*