JOHN E. ROSS AND EUNICE L. ROSS, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 86318. Filed December 13, 1961.

*Charles F. Quinlan, Esq.*, for the respondent.

### OPINION.

BRUCE, *Judge:* Respondent determined deficiencies in petitioners' income taxes for the years 1955 and 1956 in the amounts of $155.09 and $206.87, respectively.

The sole question for our consideration is whether, in the case of a joint return filed by taxpayers who reside in a community property State, capital losses are allowable to the extent of capital gains plus $1,000 for the husband and $1,000 for the wife, or whether the total

amount allowable per return is limited to $1,000 in excess of offsetting capital gains.

Petitioners did not appear in person or by counsel at the hearing herein, and no brief has been filed by or on behalf of the petitioners. The case was submitted on a stipulation of facts executed by both petitioners, and the stipulated facts, together with the exhibits attached thereto, are incorporated herein by this reference.

Petitioners John E. Ross and Eunice L. Ross are husband and wife. They reside in Pismo Beach, California.

Petitioners filed joint returns for the calendar years 1955 and 1956 on the cash basis with the district director of internal revenue at San Francisco, California.

On the 1955 return an unused capital loss carryover of $32,361.18 from the year 1954, in which year a nonbusiness bad debt was suffered, was reported. In 1955 petitioners suffered a net loss on the sale of a capital asset of $32.70. In each of the years 1955 and 1956, taking into account the capital loss carryovers, petitioners claimed on their joint return the amount of $1,000 for the wife and $1,000 for the husband, or a total of $2,000, as an offset against regular income.

Certain deductions claimed in the year 1956 and disallowed by respondent are not in issue, as petitioners have apparently conceded their liability with respect to these items.

It is clear that by reason of the nonbusiness bad debt incurred in the year 1954, petitioners are entitled to loss carryovers to the years 1955 and 1956. Petitioners had no capital gains in either of these years. Petitioners contend that because both the income and unused capital losses carried forward have the character of community property, they are entitled to a $2,000 offset against regular income in each year. Respondent has disallowed $1,000 of the claimed offset in each year, relying on section 1211(b), I.R.C. 1954, and the regulations thereunder.[1]

This case is controlled by our decisions in *Marvin L. Levy*, 46 B.T.A. 1145 (1942), and *Lawrence L. Tweedy*, 47 B.T.A. 341 (1942). In each of those cases both the husband and wife had sustained separately

---

[1] SEC. 1211 LIMITATION ON CAPITAL LOSSES.

(b) OTHER TAXPAYERS.—In the case of a taxpayer other than a corporation, losses from sales or exchanges of capital assets shall be allowed only to the extent of the gains from such sales or exchanges, plus the taxable income of the taxpayer or $1,000, whichever is smaller. For purposes of this subsection, taxable income shall be computed without regard to gains or losses from sales or exchanges of capital assets and without regard to the deductions provided in section 151 (relating to personal exemptions) or any deduction in lieu thereof. If the taxpayer elects to pay the optional tax imposed by section 3, "taxable income" as used in this subsection shall be read as "adjusted gross income".

Income Tax Regs.

Sec. 1.1211–1 Limitation on capital losses.

(d) In the case of a joint return, the limitation under section 1211(b), relating to the allowance of losses from sales or exchanges of capital assets, is to be computed and the net capital loss determined with respect to the combined taxable income and the combined gains and losses of the spouses.

losses on the sale of capital assets which they sought to deduct on their joint return to the extent of the capital losses of each not in excess of $2,000. In each of those cases, following the decision of the Supreme Court in *Helvering* v. *Janney*, 311 U.S. 189 (1940), holding that the computation of income in the case of a joint return was an aggregate computation and that the capital loss of one party was to be offset against the capital gain of the other, we held that the petitioners therein were limited to only one $2,000 capital loss deduction. Under present law (sec. 1211(b), 1954 Code), the capital loss deduction is limited to $1,000. In the *Levy* case, at page 1148, we stated:

It would be peculiar illogic to permit the "joint" return to give the benefit of offset of gains and losses not available to the individual by merging all items, including capital gains and losses of the spouses, yet to say that in one very particular respect, the limitation on capital losses, there is no such merger, and that the identity of the taxpayer is preserved, so that each can individually take a deduction of $2,000 [the present amount is $1,000] capital losses. * * * The limitation, like the offsetting of gains and losses, is not separate, but a part of the method of computation of the income under the integrated return. * * *

While neither the *Levy* nor the *Tweedy* case arose in a community property State, the holdings there are applicable here. Accordingly, we hold that petitioners are not entitled to a separate deduction of $1,000 each for the husband and wife but are limited herein to only one $1,000 capital loss deduction.

*Decision will be entered for the respondent.*