Thomas J. Leger and Margaret H. Leger v. Commissioner.
Leger v. Commissioner
Docket No. 521-68.
United States Tax Court
T.C. Memo 1970-36; 1970 Tax Ct. Memo LEXIS 323; 29 T.C.M. (CCH) 101; T.C.M. (RIA) 70036; February 10, 1970, Filed Thomas J. Leger, pro se, 5527 Wigton, Houston, Tex., Daniel A.Taylor, for the respondent. SCOTT Memorandum Opinion SCOTT, Judge: Respondent determined a deficiency in petitioners' income tax for the calendar year 1964 in the amount of $1,688.87. One of the issues raised by the pleadings has been disposed of by concession of petitioners, leaving for our decision whether petitioners who first filed a joint Federal income tax return for the calendar year 1964 102 may file separate returns for that year after the expiration of the period provided for the filing of returns, in order to claim two $1,000 capital loss deductions. All of the facts have been stipulated and are found accordingly. Petitioners, husband and wife who on the date the petition in this case was filed and during the entire calendar year *325 1964 were residents of Houston, Texas, filed a joint United States individual income tax return for the calenrar year 1964, which was received by the district director of internal revenue on May 3, 1965. The date appearing after the signatures of petitioners on this return is April 30, 1965. April 30, 1965 was a Friday. Under date of April 14, 1965, petitioners applied on form 2688 to the collector of internal revenue for an extension of time to file their income tax return for the calendar year 1964 to June 15, 1965. On April 20, 1965, petitioners' application was denied by the district director with the following statement: Careful consideration has been given to the reasons and other data given in your application but it has been determined that the extension is not warranted. Your return should be filed by the regular due date or within 10 days of the date of signature of this notice, if the end of such 10-day period is later than the regular due date. The 10-day period granted shall constitute a valid extension of time for filing returns for purposes of elections required to be made on timely filed returns. Please attach this form to the return to explain the delay in filing. *326 The return filed by petitioners under date of April 30, 1965, showed $16,000 as total income, a standard deduction of $1,000, and dependency exemptions of $3,600, with taxable income of $11,400, on the basis of which their income tax was computed. Attached to this return was the following statement: This is not a final return. Time did not allow us to prepare a complete, detailed return. An amended return will follow. On February 8, 1966, Thomas J. Leger filed a form 1040 denominated, "Amended U.S. Individual Income Tax Return - 1964" in which he reported income of $10,878.90, arrived at by subtracting from reported income of $11,878.90 an amount of $1,000 of loss on the sale or exchange of property. On February 8, 1966, Margaret H. Leger filed a form 1040 entitled, "Amended U.S. Individual Income Tax Return - 1964" which likewise reported $10,878.90 of income which was arrived at by subtracting from $11,878.90 of income an amount of $1,000 designated as a loss on the sale or exchange of property [1] The returns filed by petitioners were accompanied by a letter dated February 7, 1966, to the district director, internal revenue service, from Thomas J. Leger which was on his letterhead *327 as a certified public accountant and stated that enclosed were separate U.S. individual income tax returns for petitioners with accompanying checks, and further stated: I timely filed an individual return, however I was not able to complete all the details. Beginning in the latter part of 1964 I spent over 80 of my time out of the country and was unable to complete and file this amended return prior to now. The letter further stated that the underpayment of tax on the original timely filed return was not due to negligence nor intentional disregard of rules and regulations, since at the time the original return was filed the taxpayer was of the opinion that he had paid sufficient income tax. In John E. Ross, 37 T.C. 445 (1961), *328 we held that a husband and wife filing a joint Federal income tax return were limited to one $1,000 capital loss deduction from their ordinary income and were not entitled to $1,000 each or a total of $2,000 as a reduction against regular income even though they resided in California, a community property State and their income was community property income. Petitioners apparently do not argue that this holding is incorrect but contend that even though they originally filed a joint Federal income tax return they should be permitted later, where it is to their advantage, to elect to file separate returns. Petitioners apparently do not contend that the joint return originally filed by them was such a tentative return that it should not be treated as a return for all purposes under the Internal Revenue Cod. In fact, Thomas J. Leger, in the letter transmitting the separate returns specifically 103 referred to the timely joint return which had been filed. The return contained sufficient information to constitute a return. It may also be noted that respondent made no determination of any addition to tax either for a late filing of petitioner's teturn or for any other reason. As we *329 understand petitioners' position, it is solely that under section 6013(b)(1), I.R.C. 1954, [2] they should be allowed to file separate returns after having filed a joint return even though the time for filing of returns has expired. Section 6013(b)(1) allows an individual who has filed a separate return for a taxable year for which a joint return could have been filed by him and his spouse to file a joint return even though the time prescribed by law for filing the return for the taxable year involved has expired. Petitioners recognize that section 1.6013-1(a)(1), Income Tax Regs., [3] specifically states, "For any taxable year with respect to which a joint return has been filed, separate returns shall not be made by the spouses after the time for filing the return of either has expired." It is petitioners' contention that this regulation is invalid since the law specifically permits the filing of separate returns after a joint return has been filed. *330 The exact issue presented in the instant case was before this Court in Matthew L. Ladden, 38 T.C. 530 (1962). In that case we held, citing respondent's regulations in a footnote, that a taxpayer was not entitled to file a separate return after the expiration of the period for filing a return where a joint return had previously been filed. As we pointed out in Matthew L. Ladden, supra, prior to 1951 the settled law was that after the time prescribed for filing returns had expired the election to file joint returns as well as the election to file a separate return was irrevocable. We pointed out that in 1951 Congress amended section 51, I.R.C. 1939, by adding thereto subsection (g) which in substance is similar to the provisions of section 6013(b), I.R.C. 1954. We noted that the legislative history of the section gave no indication or inference that Congress intended to change the law with respect to the irrevocability of the election to file a joint return. Section 51(g), I.R.C. 1939, was proposed by section 312, S. Rept. No. 781, 82d Cong., 1st Sess. (1951) 1951-2 C.B. 458, 561. The Committee Report stated in part: This section, for which *331 there is no corresponding provision in the House bill, adds new subsection (g) to section 51 of the Code to permit the filing of a joint return by a husband and wife in certain cases even though separate returns have already been filed for the taxable year. This statement is followed by a detailed discussion of the various provisions of section 51(g) without any reference to any right to file separate returns after a joint return has been filed. Conf. Rept. No. 1213, 82d Cong., 1st Sess. (1951), 1951-2 C.B. 622, 627 contained only the following statement with respect to new subsection (g) of section 51, I.R.C. 1939: This amendment adds to section 51 of the Code (relating to individual returns) a new subsection (g) providing for the filing of a joint return by a taxpayer and his spouse for a taxable year for which a joint return could have been made under section 51(b) even though the time prescribed by law for filing the return for such taxable year has expired. This provision is effective with respect to taxable years beginning after December 31, 1950: The House recedes. 104 In accordance with our holding in Matthew L. Ladden, supra, we hold here *332 that petitioners are not entitled to file separate returns after the expiration of the period for filing returns since they had previously filed a joint return. Decision will be entered for respondent. Footnotes
1. On each of the returns filed by petitioners on February 8, 1966, deductions were itemized, each petitioner claiming itemized deductions of $1,236.81. However, no issue is involved with respect to the claiming of itemized deductions by petitioners. The total losses reported on Schedule D of the return filed by Thomas J. Leger showed short-term capital losses from commodity trades of $11,589.66 and long-term capital losses of $550.98.↩
2. SEC. 6013. JOINT RETURNS OF INCOME TAX BY HUSBAND AND WIFE. * * * (b) Joint Return After Filing Separate Return. - (1) In general. - Except as provided in paragraph (2), if an individual has filed a separate return for a taxable year for which a joint return could have been made by him and his spouse under subsection (a) and the time prescribed by law for filing the return for such taxable year has expired, such individual and his spouse may nevertheless make a joint return for such taxable year. A joint return filed by the husband and wife under this subsection shall constitute the return of the husband and wife for such taxable year, and all payments, credits, refunds, or other repayments made or allowed with respect to the separate return of either spouse for such taxable year shall be taken into account in determining the extent to which the tax based upon the joint return has been paid. If a joint return is made under this subsection, any election (other than the election to file a separate return) made by either spouse in his separate return for such taxable year with respect to the treatment of any income, deduction, or credit of such spouse shall not be changed in the making of the joint return where such election would have been irrevocable if the joint return had not been made. If a joint return is made under this subsection after the death of either spouse, such return with respect to the decedent can be made only by his executor or administrator. ↩
3. Income Tax Regs., Sec. 1.6013-1 Joint returns. (a) In general. (1) A husband and wife may elect to make a joint return under section 6013 (a)↩ * * *. For any taxable year with respect to which a joint return has been filed, separate returns shall not be made by the spouses after the time for filing the return of either has expired. * * *