HARVEY R. AND JANICE ANDERSON, PETITIONERS *v.*
COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 2898–80.    Filed December 17, 1981.

*John Gigounas* and *Edward B. Simpson*, for the petitioners.
*Michael Neil Gendelman*, for the respondent.

## OPINION

FORRESTER, *Judge*: This matter comes before the Court on respondent's motion for partial summary judgment, pursuant to Rule 121, Tax Court Rules of Practice and Procedure. The sole issue for decision is whether, in the case of a joint return filed by taxpayers who reside in a community property State, the amount over which items of tax preference are subject to tax under section 56(a)[1] is $10,000 or $20,000.

Petitioners are husband and wife who resided in Walnut Creek, Calif., at the time the petition herein was filed. They filed a joint Federal income tax return for 1976 with the Internal Revenue Service in Fresno, Calif.

On their 1976 return, petitioners reported a net capital gain[2] in excess of $25,000. They deducted 50 percent of the amount of said gain under section 1202. Their return did not reflect the inclusion of the tax imposed by section 56(a) on this item of tax preference, as defined in section 57(a)(9)(A). Respondent has determined that petitioners improperly failed to include a minimum tax in an amount equal to 15 percent of the amount by which one-half of their net capital gain exceeded $10,000.

To the extent relevant herein, section 56(a) imposes a tax of

---

[1]Unless otherwise indicated, all statutory references are to the Internal Revenue Code of 1954, as amended and in effect during the taxable year in issue.
[2]See sec. 1222(11).

15 percent on the amount by which items of tax preference exceed $10,000.[3] One-half of the net capital gain is an item of tax preference. Sec. 57(a)(9)(A).[4] Section 58(a)[5] provides that in the case of a married individual who files a separate return, section 56(a) shall be applied by substituting $5,000 for $10,000 as the floor above which items of tax preference will be subject to the 15 percent tax.

Petitioners maintain that because the tax imposed by section 56 applies "with respect to the income of *every person*" (sec. 56(a); emphasis supplied) to the extent items of tax preference exceed $10,000, they, as two persons, are not liable for such since their combined items of tax preference are less than $20,000.

Respondent asserts that "every person" as used in section 56(a) refers to all persons (singularly or plural), i.e., to each entity described in the Code's definition of person under section 7701(a)(1). See also sec. 7701(d)(1); 1 U.S.C. sec. 1. Moreover, respondent contends that even if "every person" in section 56 denotes the singular, the statute with respect to a joint return refers to a single taxable entity. *Taft v. Helvering*, 311 U.S. 195 (1940); *Helvering v. Janney*, 311 U.S. 189 (1940). Additionally, it is respondent's position that petitioners' interpretation of section 56(a) is irreconcilable with the provisions of section 58(a) which require that the floor over

---

[3]Sec. 56 provides in pertinent part:

SEC. 56. IMPOSITION OF TAX.

(a) GENERAL RULE.—In addition to the other taxes imposed by this chapter, there is hereby imposed for each taxable year, with respect to the income of every person, a tax equal to 15 percent of the amount by which the sum of the items of tax preference exceeds *the greater of*—

    (1) $10,000, or

    (2) the regular tax deduction for the taxable year (as determined under subsection (c)).

[4]Sec. 57 provides in pertinent part:

SEC. 57. ITEMS OF TAX PREFERENCE.

(a) IN GENERAL.—For purposes of this part, the items of tax preference are—

    \*      \*      \*      \*      \*      \*      \*

    (9) CAPITAL GAINS.—

        (A) INDIVIDUALS.—In the case of a taxpayer other than a corporation, an amount equal to one-half of the net capital gain for the taxable year.

[5]Sec. 58 provides in pertinent part:

SEC. 58. RULES FOR APPLICATION OF THIS PART.

(a) MARRIED INDIVIDUALS FILING SEPARATE RETURNS.—In the case of a married individual who files a separate return for the taxable year, section 56 shall be applied by substituting $5,000 for $10,000 each place it appears.

which the tax is imposed under section 56(a) shall be $5,000 for spouses filing separately. We agree.

When the minimum tax on items of tax preference was introduced into law by the Tax Reform Act of 1969 (Pub. L. 91–172, 83 Stat. 580) it was applied equally to corporations and individuals. To promote the statutory purpose (to distribute the tax burden more fairly) the statute provided that married persons filing separately and members of controlled groups of corporations would be required to share the applicable exemption. S. Rept. 91–552, at 112–113 (1969), 1969–3 C.B. 547–548; H. Rept. 91–782, at 301–302 (1969), 1969–3 C.B. 292–293. This has been a continuing concern of Congress through both the 1976 and 1978 amendments. See H. Rept. 94–658, at 131 (1975), 1976–3 C.B. (Vol. 2) 823; S. Rept. 95–1263, at 204 n. 1 (1978), 1978–3 C.B. (Vol. 1) 502 n. 1.

With regard to married individuals filing separate returns, section 58(a) has continually been amended to insure that they will receive only one-half the exclusion provided in section 56(a). Pub. L. 95–600, sec. 421(c)(1), 92 Stat. 2875; Pub L. 94–455, sec. 301(d)(1), 90 Stat. 1553. We are convinced that the only reasonable inference which may be drawn from section 58(a) as it impacts upon section 56(a) (and the relevant legislative history) is that married persons filing joint returns are collectively entitled to only that amount of exemption available to a single individual. Moreover, there is no indication whatsoever that Congress intended, as petitioners would have us find, that separately filing married individuals should be penalized by collectively receiving an exemption of one-half that available to their counterparts filing jointly.

The Code is replete with examples of situations similar to that presented by section 56(a) and section 58(a) whereby married individuals filing separate returns receive only one-half of a benefit available to single persons and jointly filing individuals. See, e.g., secs. 50A(a)(4)(C), 44(b)(3), 121(b)(1), 1302(b)(3)(A) and (C). Additionally, the tax rates to be applied and zero bracket amounts for separately-filing married persons are exactly one-half that applicable to those filing jointly. Secs. 1(a) and (d), 63(d)(1) and (3). Where Congress intends to grant married persons filing jointly twice the benefit of single individuals, it has been clear and unambiguous. See, e.g., secs. 116(b), 179(b).

Petitioners note, and we agree, that section 56(a) applies to "every person," that single individuals are each entitled to exclusions of $10,000 under that section, and that if they had divorced prior to the end of 1976 or were unmarried but living together they would have been collectively entitled to a $20,000 exclusion. These facts, however, do not require us to find in petitioners' favor. The facts of the instant case, and the arguments presented herein, are nearly identical to those in *Ross v. Commissioner,* 37 T.C. 445 (1961).

In *Ross,* the taxpayers, married persons filing jointly in a community property State, sought to deduct under section 1211(b) capital losses of $2,000 where the statute then provided that "*a taxpayer*"[6] could deduct at most $1,000 of capital losses. At that time, section 1211(b) contained no provision concerning the allowability of capital losses for married individuals filing separately. Relying on established precedent, we held that "the computation of income in the case of a joint return was an aggregate computation" and that the taxpayers therein were entitled to only one $1,000 capital loss deduction. *Ross v. Commissioner, supra* at 446–447. See *Helvering v. Janney,* 311 U.S. 189 (1940); *Tweedy v. Commissioner,* 47 B.T.A. 341 (1942). The same rule must apply in the instant matter, which presents an even stronger case due to the consistent and unmistakable provision found in section 58(a) that separately-filing married persons are entitled to only one-half the exclusion available to other taxpayers.

There exists no doubt that our holding in *Ross v. Commissioner, supra,* was correct. In the Tax Reform Act of 1969, Pub. L. 91–172, sec. 513(b)(2), 83 Stat. 642, it was added to subsection (b) of section 1211 that married individuals filing separate returns would be entitled to only one-half the capital loss deduction available to other taxpayers. The purpose of this addition was to remove an unwarranted tax benefit from married individuals filing separate returns and to equalize treatment for those living within and without community property States. See H. Rept. 91–413 (Part 1), at 146–148 (1969), 1969–3 C.B. 292–293; S. Rept. 91–552, at 195–197 (1969), 1969–3 C.B. 547–548. In the discussion of section 1211(b) prior

---

[6] A "taxpayer" is defined in sec. 7701(a)(14) as "any person subject to any internal revenue tax."

to the change, however, the committee reports made clear that married persons filing jointly are entitled to only one $1,000 loss deduction:

2. *Capital losses of individuals (sec. 512 of the bill and secs. 1211(b) and 1212(b) of the code)*
    *Present law.* * * *
    If a husband and wife each have capital transactions and a joint return is filed, their respective gains and losses are treated as though they had been realized by only one taxpayer and are offset against each other. * * * [H. Rept. 91–413 (Part 1), *supra* at 146–147, 1969–3 C.B. at 292; S. Rept. 91–552, *supra* at 195–196, 1969–3 C.B. at 547.]

It is clear from the legislative history of section 1211(b) that the term "a taxpayer" (defined in section 7701(a)(14) as any person subject to any internal revenue tax) refers, inter alia, to a married couple filing a joint return. We are certain that the congressional intent of section 56(a) was likewise, that "every person" (defined in sec. 7701(a)(1)) refers to a community of two married persons filing a joint return, and we so hold.

Consequently, respondent's motion for partial summary judgment is granted.

*An appropriate order will be issued.*