T.C. Summary Opinion 2007-41


UNITED STATES TAX COURT


DOVID AND MARCIA L. GOLDFARB, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 21305-05S.          Filed March 13, 2007.


Dovid and Marcia L. Goldfarb, pro sese.

<u>Miriam C. Dillard</u> and <u>Jeffrey S. Luechtefeld</u>, for
respondent.


PANUTHOS, <u>Chief Special Trial Judge</u>:  This case was heard
pursuant to the provisions of section 7463 of the Internal
Revenue Code in effect at the time the petition was filed.  The
decision to be entered is not reviewable by any other court, and
this opinion should not be cited as authority.  Unless otherwise
indicated, subsequent section references are to the Internal

Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a $2,053 deficiency in petitioners' 2003 Federal income tax. The issues for decision are: (1) Whether Social Security disability benefits received by petitioner Marcia Goldfarb are taxable, and (2) whether respondent is estopped from determining a deficiency against petitioners with respect to the benefits.[1]

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts and attached exhibits are incorporated herein by this reference. At the time the petition was filed, petitioners resided in Wesley Chapel, Florida. Unless otherwise indicated, references to petitioner are to Marcia Goldfarb.

Petitioner formerly worked for the Montgomery County, Maryland, police department. In 1998, petitioner retired due to a work-related injury that left her disabled and began receiving Social Security disability benefits. In 2003, petitioner received $13,524 of disability benefits from the Social Security Administration.

Petitioners filed a joint 2003 Federal income tax return reporting $76,633 of adjusted gross income. This amount did not

---

[1] Petitioners filed a Motion for Summary Judgment on Dec. 5, 2006. For the reasons discussed infra, we shall deny petitioners' motion.

include the $13,524 of Social Security benefits that petitioner received. Respondent issued petitioners a notice of deficiency in August 2005. Respondent determined that $11,495 of the benefits was taxable, representing 85 percent of the amount received.[2]

## Discussion

In general, the Commissioner's determinations set forth in a notice of deficiency are presumed correct, and the taxpayer bears the burden of showing that the determinations are in error. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Pursuant to section 7491(a), the burden of proof as to factual matters shifts to the Commissioner under certain circumstances. Because we decide this case without regard to the burden of proof, we need not decide whether section 7491(a) applies.

## 1. Social Security Benefits

Section 86 requires the inclusion in gross income of up to 85 percent of Social Security benefits received. Reimels v. Commissioner, 123 T.C. 245, 247-248 (2004), affd. 436 F.3d 344 (2d Cir. 2006); Green v. Commissioner, T.C. Memo. 2006-39. In contrast, "amounts received under workmen's compensation acts as

---

[2] The notice of deficiency indicates the taxable amount was $11,495. The stipulation of facts, however, states that respondent determined $11,485 of the disability benefits to be taxable. Although the discrepancy has not been explained, we assume the figure used in the notice of deficiency is correct.

compensation for personal injuries or sickness" generally are not included in gross income.  Sec. 104(a)(1).

Petitioners contend that the Social Security disability benefits constitute workmen's compensation within the meaning of section 104(a).  We have previously held, however, that Social Security disability benefits are not workmen's compensation. Green v. Commissioner, supra.  A statute is in the nature of a workmen's compensation act if it allows disability payments solely for service-related personal injury or sickness.  Haar v. Commissioner, 78 T.C. 864, 868 (1982), affd. 709 F.2d 1206 (8th Cir. 1983); Byrne v. Commissioner, T.C. Memo. 2002-319.  The Social Security Act does not qualify because it allows for disability payments regardless of whether the individual was injured in the course of employment.  See 42 U.S.C. sec. 423(d)(1)(A)(2000); Green v. Commissioner, supra.  Accordingly, the Social Security benefits that petitioner received are includable in gross income as provided by section 86.

Section 86 taxes Social Security benefits pursuant to a formula.  Married taxpayers filing a joint return whose modified adjusted gross income plus one-half of their Social Security benefits exceeds an "adjusted base amount" of $44,000 must include up to a maximum of 85 percent of their Social Security benefits in gross income.  Mikalonis v. Commissioner, T.C. Memo.

2000-281.  Subject to exceptions not relevant here, modified adjusted gross income means adjusted gross income (AGI).

Petitioners filed a joint return and reported AGI of $76,633.  Adding one-half of the $13,524 of the Social Security benefits to the reported AGI yields a total of $83,395.  Because this amount exceeds $44,000, petitioners must include up to 85 percent of the Social Security benefits in gross income.

Petitioners do not dispute that their AGI exceeded $44,000.  Petitioners argue, however, that only the income of the recipient of Social Security benefits is relevant for purposes of section 86.  Petitioners note that section 86 refers to "taxpayer" in the singular and not "taxpayers" in the plural.  For example, section 86(b)(1)(A)(i) refers to "the modified adjusted gross income of the taxpayer".  Petitioners contend that Mr. Goldfarb's income therefore should be excluded from AGI in applying the formula under section 86.  Because petitioner's income alone did not exceed $44,000, petitioners contend, a lesser amount of Social Security benefits is taxable.  We disagree.

"In determining the meaning of any Act of Congress, unless the context indicates otherwise--words importing the singular include and apply to several persons, parties, or things".  1 U.S.C. sec. 1 (2000).  This rule applies "where it is necessary to carry out the evident intent of the statute." First Natl. Bank in St. Louis v. Missouri, 263 U.S. 640, 657 (1924); Pope &

Talbot, Inc., & Subs. v. Commissioner, 104 T.C. 574, 582 (1995), affd. 162 F.3d 1236 (9th Cir. 1999).

Although section 86 refers to a "taxpayer", a joint return is treated as the return of a taxable unit, and the net income reported on the return is subject to tax as though the return were that of a single individual. Boehm v. Commissioner, T.C. Memo. 1999-227 (citing Helvering v. Janney, 311 U.S. 189, 192 (1940)). In applying the formula in section 86 to cases involving a joint return, we have not distinguished between income earned by the recipient of Social Security benefits and income earned by the recipient's spouse. See, e.g., Reimels v. Commissioner, supra at 247-248; Green v. Commissioner, supra; Penn v. Commissioner, T.C. Memo. 2001-267; Thomas v. Commissioner, T.C. Memo. 2001-120.

Petitioners' interpretation of section 86 would lead to incongruous results. For example, as discussed above, the amount of taxable Social Security benefits is calculated by reference to an adjusted base amount. The higher the adjusted base amount, the lower the amount of taxable Social Security benefits. In general, the adjusted base amount is $34,000. In the case of a joint return, however, the adjusted base amount is increased to $44,000.

If we were to adopt petitioners' theory, a married taxpayer filing jointly would receive the benefit of a higher adjusted

base amount despite being able to exclude her spouse's income from AGI.  Application of this theory would cause inconsistent results.  Rather, we conclude section 86 provides a greater adjusted base amount in the case of a joint return because tax is computed on the married individuals' aggregate income.  See sec. 6013(d)(3); see also Anderson v. Commissioner, 77 T.C. 1271, 1272 (1981) (holding that the phrase "every person" in section 56(a) (as in effect for 1976) "refers to all persons (singularly or plural)"); Boehm v. Commissioner, supra.

We conclude that in the case of a joint return, modified adjusted gross income under section 86 includes the income of each spouse.  Respondent's determination is therefore sustained.

2.  Estoppel

Petitioner has received Social Security benefits for a number of years.  Petitioners contend that on their joint 2000, 2001, and 2002 returns they did not report the Social Security benefits as income.  Petitioners further contend that respondent examined those returns but eventually determined that the benefits were not taxable.  Petitioners therefore believe that respondent should be estopped from including the benefits in their gross income for subsequent years.

Equitable estoppel is a judicial doctrine that precludes a party from denying his own acts or representations that induced another to act to his detriment.  Hofstetter v. Commissioner, 98

T.C. 695, 700 (1992). It is well settled, however, that the Commissioner cannot be estopped from correcting a mistake of law, even where a taxpayer may have relied to his detriment on that mistake. Norfolk S. Corp. v. Commissioner, 104 T.C. 13, 59-60 (1995), affd. 140 F.3d 240 (4th Cir. 1998). An exception exists only in the rare case where a taxpayer can prove he or she would suffer an unconscionable injury because of that reliance.

The following conditions must be satisfied before equitable estoppel will be applied against the Government: (1) A false representation or wrongful, misleading silence by the party against whom the opposing party seeks to invoke the doctrine; (2) an error in a statement of fact and not in an opinion or statement of law; (3) ignorance of the true facts; (4) reasonable reliance on the acts or statements of the one against whom estoppel is claimed; and (5) adverse effects of the acts or statements of the one against whom estoppel is claimed. Id.

Even if respondent did not adjust petitioners' prior tax returns, respondent is not precluded from asserting a deficiency with respect to the Social Security benefits for 2003. Each taxable year stands on its own, and the Commissioner may challenge in a succeeding year what was overlooked in previous years. See, e.g., Rose v. Commissioner, 55 T.C. 28, 31-32 (1970); Blodgett v. Commissioner, T.C. Memo. 2003-212, affd. 394 F.3d 1030 (8th Cir. 2005). Petitioners have not shown that they

would suffer unconscionable injury as a result of relying on respondent's acceptance of the previously filed returns. Furthermore, respondent's error, if any, was in a statement of law.  We therefore conclude that respondent is not estopped from asserting a deficiency for 2003 with respect to the Social Security benefits.  Respondent's determination is sustained.

Reviewed and adopted as the report of the Small Tax Case Division.

To reflect the foregoing,

An appropriate order and

decision will be entered.