JULIUS B. B. STRYKER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 56342. Promulgated February 6, 1934.

*C. J. McGuire*, Esq., for the petitioner.
*Maxwell M. Mahany*, Esq., for the respondent.

#### OPINION.

MORRIS: This proceeding is for the redetermination of a deficiency in income tax of $3,615.51 for the taxable year 1928, growing out of the respondent's allegedly erroneous inclusion in income of compensation received by the petitioner in the taxable year, which was earned in 1927 while a bona fide nonresident of the United States for more than six months.

The matter in dispute was submitted for consideration upon an agreed stipulation of facts from which we find the following:

The petitioner is an individual, a citizen of the United States, with residence at Lansdale, Pennsylvania.

During the years 1927 and 1928, and for many years prior thereto, the petitioner was an officer and general manager of the Perkins

Glue Co., a corporation with principal offices at Lansdale, Pennsylvania, and during all of the period he devoted his entire services to the affairs of this corporation. His stock ownership in the company during the years 1927, 1928, and 1929 was approximately 20 percent of the total stock outstanding; as trustee for others he controlled approximately 25 percent additional stock; and jointly with another stockholder he controlled approximately 20 percent additional stock.

The Perkins Glue Co. had a foreign branch in Java (Dutch East Indies). From May 15, 1926, to August 13, 1927, the petitioner was absent from the United States, and, aside from the time required for traveling to and from said country, the petitioner was during that period at all times in Java, devoting all of his time to the business of the Perkins Glue Co. at that branch. During the year 1927 the petitioner was a bona fide nonresident of the United States for a period greater than six months, namely, 225 days.

On November 16, 1916, the directors of the Perkins Glue Co. passed the following resolution:

It was moved by I. H. Adams, seconded by J. B. Bradt and motion duly carried, that on and after January 1, 1917, the salary of J. B. B. Stryker, Vice-President, Treasurer and General Manager of the Company, shall be at the rate of Ten Thousand Dollars ($10,000.00) per year * * * and that in addition thereto they shall each receive on all net profits of the Company (and before the payment of any dividends) over and above the sum of $50,000.00 per annum, a commission as follows:

Four Percent (4%) on net profits between $50, and $60,000
Five Percent (5%) " " " $60, and $70,000
Six Percent (6%) " " " $70, and $80,000
Seven Percent (7%) " " " $80, and $90,000
Eight Percent (8%) " " " $90, and $100,000
Ten Percent (10%) " " exceeding $100,000

Payments of said commission to be made at the end of each fiscal year.

The $10,000 salary provided for in the foregoing resolution was prior to 1926 increased to $24,000 per year, but the commission rate remained unchanged.

During the years 1926, 1927, and 1928 the " commission ", exclusive of and in addition to the $24,000 salary payable to the petitioner under the foregoing resolution, was $20,918.55, $20,832.86, and $16,211.92, respectively. These commission amounts were credited to the petitioner on the books of the Perkins Glue Co. as of December 31 of the year in which accrued, but were not determined nor entered on the books nor paid to the petitioner until after January 1 of each year succeeding the year of accrual. For example, the commission of $20,832.86 for 1927 was credited on the Perkins Glue Co. books during January 1928, the entry being made as of December 31, 1927, by the company, which kept its books on the accrual basis, and the $20,832.86 was actually paid to petitioner on January 19, 1928.

Similarly the $16,211.92 commission was not paid to petitioner until January 1929.

The petitioner rendered his Federal income tax returns on the cash receipts and disbursements basis and on his return for the year 1927 the petitioner returned as income no part of the $20,832.86 commission accruing from that year but not paid until January 19, 1928. On his 1928 return the petitioner included as " Salaries, Wages, Commissions etc." the sum of $26,424.44, but now contends that the proper amount returnable is as follows:

Salary for 1928 paid in 1928_____ $24,000.00
Commissions for 1927 received in 1928, 140/365 of
$20,832.86 _____ 7,990.69
_____
$31,990.69

The respondent, in arriving at the deficiency herein for the year 1928, in addition to one adjustment for contributions not appealed from, made the following change:

Salary for 1928 paid in 1928_____ $24,000.00
Commissions for 1927 received in 1928_____ 20,832.86
_____
$44,832.86

That is, the respondent has determined that the entire 1927 commission of $20,832.86 received by the petitioner in 1928 is taxable income to him in that year, while the petitioner contends that $12,842.17 ($20,832.86 less $7,990.69) is nontaxable as representing the proportional part of the 1927 commission accruing during the period January 1 to August 14, 1927 (225 days) while petitioner was absent from the United States, engaged in the business of the Perkins Glue Co.

It was further stipulated at the hearing that if the books and records of the Perkins Glue Co. were in evidence they would show that as of December 31, 1927, there was cash available for distribution, without financial embarrassment to the company, of $12,842.17, the amount in issue.

Sections 116 (a) and 31 (a) (1) of the Revenue Act of 1928 provide:

SEC. 116. In addition to the items specified in section 22 (b), the following items shall not be included in gross income and shall be exempt from taxation under this title:

(a) *Earned income from sources without United States.*—In the case of an individual citizen of the United States, a bona fide nonresident of the United States for more than six months during the taxable year, amounts received from sources without the United States if such amounts constitute earned income as defined in section 31; * * *

SEC. 31. (a) (1) "Earned income" means wages, salaries, professional fees, and other amounts received as compensation for personal services actually rendered, but does not include that part of the compensation derived by the

taxpayer for personal services rendered by him to a corporation which represents a distribution of earnings or profits rather than a reasonable allowance as compensation for the personal services actually rendered.  *  *  *

It has been stipulated that the petitioner was a bona fide nonresident of the United States for a period of 225 days in 1927; that he received $20,832.86 in 1928, representing commissions earned in 1927; that he reported no part of said amount as income in his return for 1927 but did, in his return for 1928, report $26,424.44 as "salaries, wages, commissions, etc.," the amount in excess of $24,000, presumably, being a portion of said commissions. It is the contention of the petitioner now that 140/365 of the sum of $20,832.86, or $7,990.69, is properly taxable in 1928, but that 225/365 (225 being the number of days the petitioner was in Java in 1927), or $12,842.17, should be exempted under the foregoing sections of the statute. The respondent, of course, still maintains that the entire $20,832.86 is taxable in 1928, the year of receipt, the petitioner being on a cash receipts and disbursements basis of accounting.

The petitioner does not contend that because the income in question was earned in 1927 it should not be taxed in 1928. In fact he concedes its taxability in 1928 by reason of his stipulation that 140/365 thereof should be taxed in that year.

The theory of the petitioner is that the term "during the taxable year," found in section 116, *supra*, means the year in which the services were "performed" rather than the year in which the compensation is received, or, to use the language of counsel, "the exempt status attaches during the taxable year when the income is earned and from then on it is excluded from gross income." The obvious reason for such contention is that since the year 1928 is before us and since the petitioner was not in Java during the requisite time in that period, unless such exemption attached, as he contends when the services were performed and continues, he is clearly without the statute.

We are wholly unable to agree with the petitioner's reasoning. The term "taxable year" is defined by section 48 of the Revenue Act of 1928 to mean "the calendar year, or the fiscal year ending during such calendar year, upon the basis of which the net income is computed." Section 42 of that act provides that "The amount of all items of gross income shall be included in the gross income for the taxable year in which received by the taxpayer  *  *  *." Section 43 of that act provides that "The deductions and credits provided for in this title shall be taken for the taxable year in which 'paid or accrued' or 'paid or incurred', dependent upon the method of accounting upon the basis of which the net income is computed  *  *  *." Thus the foregoing, although not specifically mentioning the subject of "exemptions", very clearly show from

the context that all income, and all deductions and credits, and exemptions, must be associated with the "taxable year" as governed by the method of accounting employed. For instance, if a taxpayer is upon an accrual basis of accounting—in which event performance of the services and the reporting of income concur—then it is true, as the petitioner contends, that the "taxable year" means the year in which the services were performed. But when, as here, the taxpayer is upon a cash receipts and disbursements basis of accounting, hence, by statute, he is permitted to postpone the payment of tax upon income earned until such income is reduced to actual or constructive enjoyment, thus separating, so to speak, the income derived by him from the performance of the services therefor, then the "taxable year" becomes, for tax purposes, not the year in which the services were performed but the year in which there is a statutory receipt of income. Ample precedent for this construction can be found, but need not be cited here, in those cases involving the deductibility of business expenses wherein the identical phrase "during the taxable year" is used.

We do not concur in the argument of petitioner's counsel that such a ruling will defeat the purpose of the statute, for, in our opinion, if the taxpayer meets all of the other requirements of sections 116 and 31, *supra*, during the year in which the income normally becomes taxable under the statute had not the exemption been provided for, the exemption must be granted. In other words, if this petitioner, being a citizen of the United States, had shown that the income in question was earned from "sources without the United States," a phase of the question upon which we find it unnecessary to pass, and if he had shown that during 1928 he was a "bona fide nonresident of the United States for more than six months," and if the income in question had been brought within the definition in section 31, the exemption would follow.

However, we need not rest our opinion entirely upon the provisions of section 116 alone, but after reading that section—wherein it says "if such amounts constituted earned income as defined in section 31"—together with section 31, we still feel that the proof is deficient. In order for the petitioner to comply fully with section 116 he must also comply with section 31 and he must show that the amount upon which he seeks exemption actually represents "earned income" as there defined. He must show that the amount or amounts received represented "a reasonable allowance as compensation for the personal services actually rendered" in order to satisfy the statutory inhibition that such amounts may not include "a distribution of earnings or profits." The petitioner's counsel assumes that this is shown by the stipulation entered into between the parties, but with this we can not agree. Proof of this character

becomes increasingly important where, as here, the petitioner is the owner or has control of substantially all of the stock of the corporation with which he is employed and from which he receives a rather substantial salary aside from his commissions.

Reviewed by the Board.

*Judgment will be entered for the respondent.*

---

BLACK, dissenting: It is my view that the exempt status provided as to certain income described in section 116 (a) of the Revenue Act of 1928 was intended to apply to the period of employment and to the time of employment, not to the period of actual receipt of the income.

It is my view that the exempt status was to attach at the time the income was earned, assuming that the condition of bona fide non-residence is established, and, once attached, the income remains exempt. As I view it the effect of the majority opinion is to hold that, under such circumstances as we have in the instant case, if a taxpayer keeps his books and makes his income tax returns on an accrual basis, he would get the benefits of section 116 (a), but if he keeps his books and makes his returns on the cash receipts and disbursement basis, he loses it.

Section 42 of the Revenue Act of 1928 reads: " The amount of all items of gross income shall be included in the gross income for the taxable year in which received by the taxpayer, unless, under methods of accounting permitted under section 41, any such amounts are to be properly accounted for as of a different period."

In compliance with this provision of the law petitioner returned for taxation in 1928, $7,990 69 of the $20,832.86 due him for 1927 commissions but actually received in 1928, and the balance, $12,842.17, attributable to the 225 days in 1927 during which he was a bona fide nonresident of the United States, he excluded from his gross income because it was exempt. In doing this, I think he complied with the law and I dissent from the majority opinion, which holds otherwise.