**MUHLEMAN et al. v. HOEY, Collector of Internal Revenue.**

**No. 88.**

Circuit Court of Appeals, Second Circuit.

Jan. 8, 1942.

Larkin, Rathbone & Perry, of New York City (Theodore Pearson, John W. Drye, Jr., and J. Paul Austin, all of New York City, of counsel), for plaintiffs-appellants.

Mathias F. Correa, U. S. Atty., of New York City (Clarence W. Roberts, Asst. U. S. Atty., of New York City, of counsel), for defendant-appellee.

Before SWAN, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

CHASE, Circuit Judge.

The plaintiffs, as executors of the last will of Arthur C. Mower, brought this suit in the Southern District of New York to recover the income taxes which he had paid on $310,706.24 that he received in 1932 by way of a bonus in addition to his regular salary for services performed abroad in 1931.

This amount was paid to him in this country by the American Tobacco Company during 1932 for his services performed in 1931, while a resident of London, Eng., as the manager of its foreign subsidiaries. He reported his income on the cash basis for the calendar year 1932 but did not include this item because he considered it earned income received from sources without the United States which was excluded from his gross income by Sec. 116(a) of the Revenue Act of 1932, 26 U.S.C.A. Int.Rev.Code, § 116(a). The Commissioner redetermined

his tax and found a deficiency created by the inclusion of the bonus in his gross income. The taxes accordingly assessed were paid and this suit for their recovery followed in due course.

Mr. Mower was an American citizen and one of the vice-presidents of the American Tobacco Company, a domestic corporation, from October, 1928, through July, 1931, while he resided in London and performed the services for the company there that entitled him to the bonus he received the following year. He was a bona fide non-resident of the United States for more than six months during 1931, viz., from January 1st to July 31st, but not during 1932, when, so far as appears, he was not a non-resident at all.

Sec. 116(a) of the Revenue Act of 1932 exempts from gross income in the case of an individual citizen of the United States who is a bona fide non-resident of this country for more than six months during the taxable year "amounts received from sources without the United States (except amounts paid by the United States or any agency thereof) if such amounts would constitute earned income." Sec. 119(c) (3) of the 1932 Act, 26 U.S.C.A. Int.Rev.Code, § 119(c) (3), provides that compensation for personal services performed without the United States shall be treated as income from sources without the United States.

■ It is plain, therefore, that the above amount received by Mr. Mower was, under the statute, income from sources without the United States and excluded from his gross income provided he was a bona fide non-resident of this country during the taxable year. Decision must turn upon the meaning of taxable year as used in Sec. 116(a). The plaintiffs contend that it is the year in which the income was earned and that all conditions of the statute have accordingly been fulfilled. It is said that such a construction would carry out the intention of Congress to exclude from taxation income earned abroad by a citizen who is a bona fide non-resident

for more than six months of the year in which the income is earned. Such a construction, however, is not verbally indicated and fails to give effect to what has come to be the well established meaning of the words "taxable year." That expression denotes the yearly period for which a return of income is required and whatever is to be reported as a part of the gross income of the taxpayer in any particular return is that for the "taxable year" for which the tax is to be assessed on the income which has, or should have been, returned. When a taxpayer reports on the cash basis, his cash receipts for the period covered by the return are to be taken into account no matter when the transactions or services which produced the income represented by the cash receipts may have been consummated or performed. Guaranty Trust Co. v. Commissioner, 303 U.S. 493, 498, 58 S.Ct. 673, 82 L.Ed. 975; Burnet v. Sanford & Brooks Co., 282 U.S. 359, 51 S.Ct. 150, 75 L.Ed. 383. The time of its receipt by such a taxpayer determines the "taxable year" for which it is to be reported. Lucas v. Alexander, 279 U.S. 573, 49 S.Ct. 426, 73 L.Ed. 851, 61 A.L.R. 906.

■ The taxpayer therefore, was bound, unless Sec. 116(a) is applicable, to report this additional salary or bonus in the year during which he received it for it was a part of his actual gross income for that period and for no other. The manner in which he elected to report his income did, indeed, determine the period for which it was reportable, and therefore taxable, but that is no anomaly. Whether a taxpayer reports on the cash or the accrual basis often changes the taxable year for which items of income are to be returned for taxation.

Since the taxable year for which the bonus was returnable for taxation was 1932 and there is neither claim nor proof that the taxpayer was a bona fide non-resident of this country for more than half of that period, it is clear that the statute relied on by the plaintiffs is not applicable.

Affirmed.