JEAN RENOIR AND DIDO FREIRE RENOIR, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 87205. Filed March 30, 1962.

*J. Everett Blum, Esq.*, for the petitioners.
*Douglas W. Argue, Esq.*, for the respondent.

OPINION.

BRUCE, *Judge:* The respondent determined deficiencies for the calendar years 1956 and 1957 in the respective amounts of $9,318.37 and $2,441.19. The sole issue for decision is the extent to which amounts received in the taxable years for personal services performed in France are excludible from taxable income. All the facts are stipulated and are found accordingly.

The petitioners, husband and wife, were residents and domiciled in California during the years at issue. They filed joint Federal income

---

tax returns for the calendar years 1956 and 1957 with the director of internal revenue at Los Angeles. These returns were prepared on the cash receipts and disbursements basis.

The petitioners were continuously in Europe from October 1, 1953, to July 15, 1956. Jean performed personal services as a motion-picture director and writer in France during this period. Dido performed no services in connection with the income received in 1956 and 1957.

Jean received in partial payment for services performed in France the amounts of $35,000 in 1956 and $10,000 in 1957.

The petitioners, on their returns for 1956 and 1957, reported receipt of the salary items but excluded them from taxable income as being exempt under article 10 of the tax treaty between the United States and France, and also under section 911(a)(2) of the Internal Revenue Code of 1954.

The respondent determined that none of the salary received by the petitioners in 1957 was excludible and that the amount received in 1956 was excludible only to the extent of $10,794.52. Respondent now concedes that the correct amount excludible in 1956 is $12,732.24.

The parties on brief do not discuss the tax convention between the United States and France and we consider that any argument thereunder has been abandoned. Neither party has discussed the possibility of a right to exclusion pursuant to section 911(a)(1) of the 1954 Code. The sole argument is based upon section 911(a)(2).[1]

It is undisputed that the amounts received in 1956 and 1957 constitute earned income, attributable to a period of 18 consecutive months while the petitioners were in Europe, that the income was from sources outside the United States, and that Jean was present in a foreign country or countries for at least 510 days in the 18-month period. The parties disagree as to the interpretation of the last part of paragraph (2), which limits the amount excludible.

---

[1] SEC. 911. EARNED INCOME FROM SOURCES WITHOUT THE UNITED STATES.

(a) GENERAL RULE.—The following items shall not be included in gross income and shall be exempt from taxation under this subtitle:

\*　　\*　　\*　　\*　　\*　　\*　　\*

(2) PRESENCE IN FOREIGN COUNTRY FOR 17 MONTHS.—In the case of an individual citizen of the United States, who during any period of 18 consecutive months is present in a foreign country or countries during at least 510 full days in such period, amounts received from sources without the United States (except amounts paid by the United States or an agency thereof) if such amounts constitute earned income (as defined in subsection (b)) attributable to such period; but such individual shall not be allowed as a deduction from his gross income any deductions (other than those allowed by section 151, relating to personal exemptions) properly allocable to or chargeable against amounts excluded from gross income under this paragraph. If the 18-month period includes the entire taxable year, the amount excluded under this paragraph for such taxable year shall not exceed $20,000. If the 18-month period does not include the entire taxable year, the amount excluded under this paragraph for such taxable year shall not exceed an amount which bears the same ratio to $20,000 as the number of days in the part of the taxable year within the 18-month period bears to the total number of days in such year.

The petitioners contend, first, that by virtue of the community property laws of California they are entitled each to exclude up to $20,000 of the income received in each of the taxable years, and second, that the respondent erred in limiting the amount excludible in 1956 and denying any exclusion in 1957 instead of treating the amounts received as excludible entirely from gross income.

They contend that under the community property laws of California, each of them is entitled to one-half of the earnings, and each is entitled to an exclusion of that half entirely since it does not exceed $20,000 in either 1956 or 1957. They cite Rev. Rul. 55–246, 1955–1 C.B. 92. This ruling states that—

If * * * the physical presence requirements of section 911(a)(2) of the Internal Revenue Code of 1954 are met by the spouse who earns the income and the income qualifies as earned income within the meaning of section 911(b) of the Code, such income subject to any limitations of the applicable section of the Code is exempt from taxation on the individual income tax returns of the husband and wife filing separate returns in a community property State regardless of whether the other spouse meets the requirements specified in section 911(a) of the Code. * * *

* * * the wife may exclude from gross income on her separate return her share of the income earned by her husband without the United States which is excludable from gross income under the applicable provisions of section 911(a) of the Code. However, with respect to that portion of the earned income of the husband which is not exempt under the provisions of 911(a) of the Code, the wife must include in gross income on her separate return her share of such earned income.

The foregoing ruling does not help the petitioners. For one thing they filed joint returns for the taxable years, while the ruling relates to a husband and wife who file separate returns. More important is the fact that the $20,000 figure stated in section 911(a)(2) is a limitation on the amount of income received in the taxable year which was earned in the 18-month period and which may be excluded. The limitation applies to the *income*, not to the individual taxpayer. The ruling states that "*such income subject to any limitations* of the applicable section of the Code *is exempt*," and states that the wife must include in her gross income her share of "*that portion of the earned income of the husband which is not exempt.*" (Emphasis supplied.) The interpretation urged by the petitioners would favor taxpayers in community property States. Without a clear-cut statutory mandate, we would not attribute to the Congress an intention to authorize a double exclusion of such income for taxpayers in community property States as compared with other taxpayers. Cf. *John E. Ross*, 37 T.C. 445 (1961).

The petitioners further contend that the respondent erred because the time of receipt of this income is immaterial. They refer to section 116(a)(2) of the Internal Revenue Code of 1939 from which section

911 (a) (2) of the Code of 1954 is derived, and the regulations relating thereto. Under these regulations the time of payment was not material so long as the income was attributable to a period of foreign residence. Regs. 118, sec. 39.116–1(b).[2] The provisions of section 116 (a) (2), I.R.C. 1939, as they existed before 1953, contained no limitation upon the amount excludible. The $20,000 limitation on the amount excludible was provided by an amendment contained in Pub. L. No. 287, 83d Cong., 1st Sess., referred to as the Technical Changes Act, 67 Stat. 615 (1953). This amendment added the last two sentences and applies to taxable years beginning after 1952. Until this amendment the time of receipt of the income was immaterial. It is still immaterial in determining whether the income is from sources outside the United States or is attributable to an 18-month period. But, since the amount excludible depends upon how much of the taxable year in which the income is received is within the 18-month period which includes 510 days of presence in foreign countries, the year of receipt is obviously material in computing that amount. The "taxable year" means, in this case, the calendar year upon the basis of which the taxable income is computed. Sec. 7701(a) (23), I.R.C. 1954. In this case, as to the taxable year 1956 there was no 18-month period during which Renoir was physically present 510 days in foreign countries and which includes the entire year 1956. Therefore, the entire $20,000 exclusion is not available to the petitioners. The 18-month period which includes the largest part of 1956 and yet includes 510 days of physical presence in foreign countries is that adopted by the respondent on brief and apparently includes $233\frac{3}{366}$ of 1956. This is the period most favorable to the petitioners. There is no period of 18 consecutive months during which Renoir was physically present 510 days in foreign countries and which includes any part of the taxable

---

[2] Sec. 39.116–1. *Earned income from sources without the United States.*—

\* \* \* \* \* \* \*

(b) *Presence in a foreign country.* (1) Amounts constituting earned income as defined in section 116(a)(3) shall be excluded from gross income in the case of an individual citizen of the United States who during any period of 18 consecutive months is present in a foreign country or countries during a total of at least 510 full days, if such amounts are (i) from sources without the United States, (ii) attributable to such period, and (iii) not paid by the United States or any agency or instrumentality thereof. If attributable to a period of 18 consecutive months in respect of which the citizen qualifies for the exemption from tax thus provided, the amounts shall be excluded from gross income irrespective of when they are received.

(2) For taxable years ending before January 1, 1953, there is no limitation upon the amount which may be excluded from gross income pursuant to subparagraph (1). For taxable years ending after December 31, 1952, but only with respect to amounts received after such date, the amount excluded from gross income under the provisions of section 116(a)(2) shall not exceed $20,000 if the 18-month period includes the entire taxable year. If the 18-month period does not include the entire taxable year, the amount excluded from gross income under such section for such taxable year shall not exceed an amount which bears the same ratio to $20,000 as the number of days in the part of the taxable year within the 18-month period bears to the total number of days in such year. \* \* \*

year 1957. Hence, there is no allowable exclusion for 1957. The petitioners argue that the respondent's determination is contrary to the earlier regulations which have acquired the force and effect of law. We do not agree that it is contrary to such regulations. But assuming that it is contrary, the determination is in accord with the statute, and if the regulations are inconsistent the statute must prevail.

The present regulations, Income Tax Regulations, section 1.911–1 (b) (2) (ii), interpreting section 911(a) (2) of the Code of 1954, are consistent with the determination of the respondent in this case and contain an example of the method of computation used herein.

The respondent's determination with respect to the year 1957 is sustained. We further hold that the petitioners are not entitled to an exclusion greater than $12,732.24 for 1956. Certain adjustments have been conceded and others stipulated, depending upon the resolution of the principal issue.

*Decision will be entered under Rule 50.*