Evelyn Handcock-Ferguson v. Commissioner.
Handcock-Ferguson v. Commissioner
Docket No. 82673.
United States Tax Court
T.C. Memo 1962-237; 1962 Tax Ct. Memo LEXIS 73; 21 T.C.M. (CCH) 1267; T.C.M. (RIA) 62237; October 5, 1962
Richard C. Pugh, Esq., for the petitioner. Henry G. Nagel, Esq., for the respondent. DAWSON
Memorandum Findings of Fact and Opinion DAWSON, Judge: Respondent determined a deficiency in income tax of the petitioner for the year 1953 in the amount of $6,428.78. The sole issue for *74 decision is the extent to which amounts constituting foreign source earned income within the meaning of section 116, Internal Revenue Code of 1939, received in taxable year 1953, but attributable to services performed during 1952, are excludable from gross income. Findings of Fact All of the facts have been stipulated and they are so found. The stipulation of facts with all exhibits attached thereto are included herein by reference. Petitioner is a resident of Washington, D.C. Her principal mailing address at the time of filing her 1953 return was c/o Robert J. Berran, 90 West Street, New York 6, New York, and her return for that taxable year was filed with the district director for the district of Upper Manhattan, New York. This return was prepared on the cash basis of accounting. The petitioner was continuously present in a foreign country or countries from April 23, 1962, until November 8, 1953, except for a brief period of time during October and November of 1952. Petitioner received in 1953, $25,295.34 of earned income from sources outside the United States, attributable to two overlapping "qualifying" periods of 18 months under section 116(a)(2). [1] Of this amount *75 $12,966.58 was compensation for personal services performed in 1952 and $12,328.76 was compensation for personal services performed in 1953. Petitioner on her Federal income tax return for 1953 excluded the entire amount of $25,295.34 asserting that: (1) the $12,328.76 "attributable to 1953" is entirely excludable as being less than the amount of the limitation applicable to petitioner's taxable year 1953 as determined by respondent; (2) the $12,966.58 "attributable to 1952" (but received in 1953) should be entirely excludable on either of two alternative grounds: (a) the $20,000 limitation enacted in 1953 was not applicable to amounts of income which were attributable *76 to "taxable years ending on or before December 31, 1952", and (b) if the $12,966.58 received in 1953, but attributable to 1952, is subject at all to the $20,000 limitation, it is subject to the limitation computed with respect to 1952, the taxable year to which the income is attributable, rather than with respect to 1953, the taxable year of receipt. The respondent determined that the taxable year of receipt was controlling in this case. He calculated petitioner's limitation based on the number of days within a qualifying 18 month period including the largest part of 1953, the taxable year of receipt, divided this figure by the number of days in 1953 and multiplied the resulting fraction by $20,000 to arrive at a limitation figure of $17,095.88. Under respondent's theory, although petitioner received a total of $25,295.34 in earned income from foreign sources during the year 1953, she was only entitled to exclude a maximum of $17,095.88 from gross income. Opinion Petitioner, a cash basis taxpayer, was paid during the year 1953 some $25,295.34 which represented payment for services rendered by her in 1952 and 1953 while she was present in a foreign country. "Gross income," of *77 course, includes "income derived from any source whatever," section 22(a), Internal Revenue Code of 1939. Section 42(a) of that Code requires cash basis taxpayers to include items of income for taxation in the taxable year in which received "no matter when the transactions or services which produced the income represented by the cash receipts may have been consummated or performed." Muhleman v. Hoey, 124 F. 2d 414 (C.C.A. 2d, 1942). Since the $25,295.34 was all received in 1953 and was a part of her gross income, petitioner was required to report it in that year unless she can show that such income or any part thereof is excludable by law. In this regard, petitioner relies on section 116(a)(2) of the Internal Revenue Code of 1939, an exclusionary relief provision granted by Congress under its broad power to tax citizens of the United States on income from all sources, including income earned by citizens in permanent or temporary residence abroad. Cook v. Tait, 265 U.S. 47 (1924). Between 1951 and 1953, section 116(a)(2) provided, without limitation, an exemption from tax for amounts received from sources without the United States if such amounts constituted *78 earned income, as defined, and were attributable to any period of 18 consecutive months in respect of which the taxpayer was present in a foreign country for 510 full days during such 18-month period. However, in 1953, a limitation was placed on the amount excludable from gross income under section 116(a)(2), by the Technical Changes Act of that year, Pub. L. No. 287, 83rd Cong., 1st Sess. Section 204(a) of this Act added the following two sentences to section 116(a)(2): If the 18-month period includes the entire taxable year, the amount excluded under this paragraph for such taxable year shall not exceed $20,000. If the 18 month period does not include the entire taxable year, the amount excluded under this paragraph for such taxable year shall not exceed an amount which bears the same ratio to $20,000 as the number of days in the part of the taxable year within the 18-month period bears to the total number of days in such year. With respect to effective date, section 204(c) of the Technical Changes Act provides that the limitation "shall apply with respect to taxable years ending after December 31, 1952, but only to amounts received after such date * * *." Petitioner contends *79 that the term "taxable year" as used in the statute and in section 204 of the Technical Changes Act means taxable year to which earned income is "attributable", i.e., year in which the services resulting in income were performed, rather than taxable year in which the income is received. This being so, the petitioner argues, amounts "attributable to" services performed in 1952 are excludable without limitation (since the limitation only applies to "taxable years" ending after December 31, 1952), or, if the excludability of such amounts is limited, then the limitation must be computed with respect to 1952. With this analysis we disagree. As this Court pointed out in Julius B. B. Stryker, 29 B.T.A. 1025, Frederico Stallforth, 6 T.C. 140, and more recently in Jean Renoir, 37 T.C. 1180, the term "taxable year" means the calendar year, or the fiscal year ending during such calendar year, upon the basis of which net income is computed. Such is the definition of "taxable year" contained in section 48(a) of the 1939 Code. In the Stryker case, the petitioner sought to exclude on his 1928 return, amounts of foreign source earned income, attributable to *80 services performed during the year 1927, while the taxpayer was a bona fide nonresident of the United States, but not actually received by him until 1928, during which year he was at no time a bona fide resident of a foreign country. It was contended that the term "during the taxable year" as found in section 116(a) of the Revenue Act of 1928, meant "the year in which the services were performed [1927] rather than the year in which the compensation is received [1928] * * *." We disagreed and held that: * * * when, as here, the taxpayer is upon a cash receipts and disbursements basis of accounting, [and] hence, by statute, he is permitted to postpone the payment of tax upon income earned until such income is reduced to actual or constructive enjoyment, thus separating, so to speak, the income derived by him from the performance of the services therefor, then the 'taxable year' becomes, for tax purposes, not the year in which the services were performed but the year in which there is a statutory receipt of income. The petitioner has argued that her accounting method should have no bearing on the determination of whether her income received in 1953 but attributable to services *81 performed by her in 1952 fulfills the statutory requirements so as to be excludable under section 116(a)(2). Her accounting method is immaterial in determining whether such income is from sources without the United States or whether it is attributable to an 18 month qualifying period. However, the method by which a taxpayer elects to report his income is determinative of the taxable year in which such income is reportable, and therefore taxable, Muhleman v. Hoey, supra."Taxable year," as that term is used in the limitation portion of section 116(a)(2), when applied to a cash basis taxpayer, as petitioner is, means the taxable year of actual or constructive receipt. The amount excludable in this case depends upon how much of the taxable year of receipt is within the 18 month period which includes 510 days of presence in foreign countries. As a cash basis taxpayer, petitioner's taxable year of actual receipt is 1953. The 18 month period which includes the greatest part of 1953 falling within 510 full days of physical presence in foreign countries is from May 9, 1952, through November 8, 1953. During this period of 18 consecutive months, petitioner was present in a foreign *82 country or countries during the taxable year 1953 from January 1 through November 8, 1953, or a period of 312 days out of 365. She is therefore entitled to exclude from her 1953 gross income a maximum of 312/365 of $20,000 or $17,095.88, which is the figure adopted by respondent in his notice of deficiency. The petitioner argues that such a determination is not in accord with respondent's regulations. While we do not agree, it is nevertheless our view that the determination is in accord with the statute and we so hold. Jean Renoir, supra.
Decision will be entered for the respondent. Footnotes
1. The two "qualifying" periods of 18 consecutive months are: (a) The 18 months from April 20, 1952, through October 19, 1953, within which period the petitioner was present in a foreign country or countries 510 full days from April 23, 1952, through October 1, 1953. (b) The 18 months from May 9, 1952, through November 8, 1953, within which period the petitioner was present in a foreign country or countries 510 full days from May 9, 1952, through October 1, 1952, and from November 6, 1952, through November 4, 1953.↩